CASE 41—INDICTMENT—OCTOBER 7, 1884.

# Lisle v. The Commonwealth.

### APPEAL FROM GREEN CIRCUIT COURT.

1. An indictment charging that L. L. and J. L. conspired to rob and did rob another of a silver dollar, and a warrant of arrest in his hands against them, does not allege two distinct offenses.
2. One conspirator can not testify for another.
3 A continuance will not be given to allow one conspirator who is evading arrest to testify for another.

JEFF. HENRY FOR APPELLANT.

1. The court should have sustained the demurrer to the indictment because more than one offense is charged.
2. The taking of the silver dollar is one offense; the taking of the warrant of arrest is another.
3. A continuance should have been granted in order to obtain the evidence of John Lisle who was a competent witness. (Criminal Code, section 165; General Statutes, chapter 29, artic'e 11, section 6; Salisbury v. The Commonwealth, 79 Ky.; Morgan v. Same, 14 Bush, 106.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. There is but one offense charged in the indictment.
2. The offense charged is robbery, under section 2, article 5, chapter 29, General Statutes.
3. The alleged absent witness was one of the parties indicted for the conspiracy and robbery. He would not be competent if present. Besides, ample time had been given for his appearance.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This appeal is from a conviction and sentence of appellant, Lincoln Lisle, to the penitentiary, on an indictment against appellant and John Lisle, charging them with conspiring to commit, and committing, a robbery. John Lisle appears to be the father of Lincoln Lisle. John Lisle was not arrested. Appellant moved to continue the cause, on account of the absence of his father, John Lisle, by whom it was alleged that facts material to the defense of appellant could be proved. The court

postponed the trial several days on this application for continuance, and the officer charged with the subpœna and the warrant of arrest having failed to find the witness, John Lisle, the case went to trial, with the result stated. The first question made is whether appellant was entitled to a continuance on this application. We think not, for two reasons: *first*, there appeared no reasonable grounds to believe that by longer delay the witness could be obtained; and *second*, appellant and the witness being joined in the indictment on the charge of conspiracy to commit the offense of which appellant was convicted. The witness, John Lisle, would not have been competent to testify on behalf of his co-conspirator. (Section 234, of Criminal Code.)

The next and only remaining question presented, that need be considered, is whether the indictment does not embrace two offenses not authorized by the Criminal Code or by the statute. The indictment charges the taking, at the same time and by the same act, one silver dollar, and a warrant of arrest issued against the accused, and properly in the hands of the person robbed, for execution as an officer.

It is contended that the taking of the instrument denominated a warrant of arrest or a peace warrant being expressly provided for by statute, constitutes a different offense from robbery, and therefore not to be joined under the statute or Code. The section of the statute upon which this objection is based, is found in the eleventh article, of chapter 291, General Statutes, and reads: "If any person shall steal, fraudulently destroy or withdraw the record, or any part thereof, of any judicial proceeding pending or decided, he shall be

ꞏconfined in the penitentiary not less than two nor more than ten years."

This statute does not necessarily embrace or involve the element of force in the taking, but by the expression "steal," "fraudulently destroy," "or withdraw," implies the absence of force or putting in fear, which are the essential elements of robbery. Therefore, the charge of robbery in the indictment, when the taking of the one dollar was by force and putting in fear, does not embrace the statutory offense in reference to records, nor does the statement as to the warrant constitute any offense under the statute, and if it did the indictment would not be subject to the objection that it charged two separate offenses. But as robbery may be perpetrated by the forcible taking of any thing of value, an allegation of value in the warrant would make the indictment good, without reference to the taking of any thing else.

In any event the indictment was good. The acts charging the offense of robbery of the money and warrant were one and done at the same time, constituting but one offense, though it charged the taking of several articles of different value and for which different penalties may have been prescribed. "Different offenses" carries with the expression the idea of separate, distinct and independent action in the perpetration of each.

Judgment affirmed.